April 3, 2018

**Supreme Court**

No. 2015-340-Appeal.
(PC 11-2346)

Boghos Terzian       :

v.       :

James J. Lombardi, in his capacity as    :
Treasurer for the City of Providence, et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Boghos Terzian                          :

v.                          :

James J. Lombardi, in his capacity as          :
Treasurer for the City of Providence, et al.

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The plaintiff, Boghos Terzian, appeals from a June 12, 2015 final judgment entered following a bench decision in Providence County Superior Court granting the motions for summary judgment filed by the defendants, Laborers' International Union of North America, AFL-CIO, Public Service Employees' Local Union Number 1033 (the Union) and James J. Lombardi, in his capacity as Treasurer for the City of Providence.  Mr. Terzian argues on appeal that the hearing justice erred in granting defendants' motions for summary judgment because, he contends, the City of Providence could not suspend and ultimately terminate him for off-duty conduct and because the Union did not comply with its duty to fairly represent him.[1]

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

---

[1]    This appeal first came before this Court on February 8, 2017 pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After hearing the arguments of the parties and examining the memoranda filed by the parties, we concluded that cause had been shown, and we assigned this case to the regular calendar for further briefing and argument.

# I

# Facts and Travel

Although it appears from the record that there are some disputed facts in the instant case, the essential facts are not in dispute. For our purposes, we need only relate those essential facts. We rely on the May 28, 2015 bench decision of the hearing justice as well as other documents contained in the record for the recitation thereof.

Mr. Terzian was hired by the City in 2003. At all times pertinent to this case, he was a member of the Union. On August 1, 2007, Mr. Terzian was arrested and charged with three counts of assault with a dangerous weapon and one count of carrying a pistol without a license. Those charges stemmed from an incident which transpired in front of Mr. Terzian's home when he was off-duty. The City suspended Mr. Terzian without pay the next day—August 2, 2007. The collective bargaining agreement between the City and the Union (the CBA) provides for a three-step grievance procedure; additionally, it provides that if "a grievance is not settled, such grievance may at the request of the Union, be referred to [arbitration]." After Mr. Terzian's suspension, a Union representative filed a grievance with respect to the suspension. That grievance progressed through the three steps provided for by the CBA and was ultimately held in abeyance pending the outcome of the criminal charges against Mr. Terzian.

On May 12, 2008, a jury found Mr. Terzian guilty of all four criminal charges, and he was ultimately sentenced to eight years in prison, with one year to serve and seven years suspended with probation on each of the four charges, said sentences to be served concurrently.[2]

---

[2] Mr. Terzian's criminal convictions were vacated by this Court in *State v. Terzian*, 162 A.3d 1230, 1244 (R.I. 2017). That fact has no bearing on this appeal given our conclusion that Mr. Terzian has waived his appellate arguments in this case.

On October 16, 2008, following Mr. Terzian's conviction and while he was incarcerated, a pre-termination hearing was conducted with respect to his job with the City. Mr. Terzian was not present at the hearing, but a Union representative and Mr. Terzian's private attorney did appear at the hearing. Subsequent to that hearing, in a letter dated October 31, 2008, the City informed Mr. Terzian that his employment had been terminated; that letter cited his inability to "report to work and perform [his] job duties" as the reason for his termination.

Mr. Terzian contacted the Union in December of 2008, after he had been released from prison. On December 9, 2008,[3] the Union filed a second grievance, this time contesting Mr. Terzian's termination. The Union submitted the new grievance to all three steps in the grievance procedure, but it did not pursue either of Mr. Terzian's grievances to arbitration.

On April 26, 2011, Mr. Terzian filed the present action against the City's Treasurer and the Union, alleging that the City breached the CBA and violated G.L. 1956 § 28-7-13 and that the Union "failed to adequately represent plaintiff regarding his grievances on the suspension and termination of his employment." The defendants each individually moved for summary judgment, with the City adopting the arguments articulated by the Union. On March 24, 2015, a hearing was conducted on those motions; thereafter, on May 28, 2015, the hearing justice issued a bench decision granting the motions for summary judgment of both defendants. On June 2, 2015, Mr. Terzian filed a notice of appeal. Final judgment was later entered on June 12, 2015.[4]

---

[3]     We note that December 9, 2008, was past the time allowed by the CBA for the filing of a grievance.

[4]     We note that Mr. Terzian's appeal was filed prior to the entry of final judgment in the case. However, this Court will treat the premature appeal as if it had been timely filed. *See Goddard v. APG Security-RI, LLC*, 134 A.3d 173, 175 (R.I. 2016).

## II

## Standard of Review

When we review a grant of summary judgment, we employ a *de novo* standard of review. *Hall v. Hornby*, 173 A.3d 868, 870 (R.I. 2017); *see also Pimentel v. Deutsche Bank National Trust Co.*, 174 A.3d 740, 743 (R.I. 2017). As such, "we examin[e] the case from the vantage point of the trial justice who passed on the motion for summary judgment, * * * view[ing] the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law[,] we will affirm the judgment" of the Superior Court. *Hall*, 173 A.3d at 870 (alterations in original) (internal quotation marks omitted); *see also Lehigh Cement Co. v. Quinn*, 173 A.3d 1272, 1275 (R.I. 2017). We remain "ever mindful that [s]ummary judgment is a drastic remedy, and a motion for summary judgment should be dealt with cautiously." *Hall*, 173 A.3d at 870 (alteration in original) (internal quotation marks omitted).

## III

## Analysis

We need not pass upon the merits of the Superior Court's ruling because we are convinced that, under our long-standing raise-or-waive rule, Mr. Terzian has forfeited his right to appellate review.

We have consistently made it clear that, under our raise-or-waive rule, "[e]ven when a party has properly preserved its alleged error of law in the lower court, a failure to raise and develop it in its briefs constitutes a waiver of that issue on appeal and in proceedings on remand." *McGarry v. Pielech*, 108 A.3d 998, 1005 (R.I. 2015); *see also Bartlett v. Coppe*, 159

A.3d 1065, 1069 (R.I. 2017); *Catucci v. Pacheco*, 866 A.2d 509, 515-16 (R.I. 2005). Indeed, Article I, Rule 16(a) of the Supreme Court Rules of Appellate Procedure specifically requires briefs before this Court to contain:

> "(1) a brief and concise statement of the facts and the prior proceedings in the case together with page citations to the places in the record and the appendix where such can be found, (2) a specification of the errors claimed with a page citation to the places in the record and the appendix where such error can be found, (3) the specific questions raised duly numbered and for each question, a concise statement of the applicable standard of review (which may appear in the discussion of the question or under a separate heading placed before the discussion of the questions), (4) the points made, together with the authority relied on in support thereof, (5) a conclusion setting forth with particularity the relief to which the party believes himself or herself entitled, and (6) an index of authorities arranged alphabetically indicating at what page or pages of the brief each authority is cited."

Rule 16(a) then expressly provides that "[e]rrors not claimed, questions not raised and points not made ordinarily will be treated as waived and not be considered by the Court."

In accordance with Rule 16(a), it has been our consistent policy that "[s]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue." *Horton v. Portsmouth Police Department*, 22 A.3d 1115, 1130 (R.I. 2011) (internal quotation marks omitted); *see also Bossian v. Anderson*, 991 A.2d 1025, 1026 n.2 (R.I. 2010); *Kurczy v. St. Joseph Veterans Association, Inc.*, 820 A.2d 929, 941 n.3 (R.I. 2003). Our precedent clearly establishes that we are precluded from concluding that a plaintiff has complied with Rule 16(a) when that plaintiff "raise[d] questions" in his or her brief but did so "without accompanying [those] general statement[s] * * * with meaningful arguments, analysis, discussion, or citation [to] authority * * *." *Horton*, 22 A.3d at 1130 (internal quotation marks omitted); *see, e.g.*, *Giddings v. Arpin*, 160 A.3d 314, 316 (R.I. 2017) (mem.) (finding waiver

- 5 -

when the "plaintiff [had] failed to develop his arguments or provide any facts or law to support the inartfully raised issues"); *In re Jake G.*, 126 A.3d 450, 458 (R.I. 2015) (determining that an issue was waived because the respondent did not present facts or law to support the argument on appeal). What is more, we will not "scour the record to identify facts in support of the plaintiff's broad claims, and we will not give life to arguments that the plaintiff has failed to develop on his own." *McMahon v. Deutsche Bank National Trust Co.*, 131 A.3d 175, 176 (R.I. 2016) (mem.).

In our judgment, Mr. Terzian has utterly failed to comply with the dictates of Rule 16(a) in his appellate brief in this case. His brief before this Court does contain an impassioned exhortation relative to his case. However, it does not contain any citations to documents or transcripts or any part of the record in the case. Furthermore, it does not contain a single citation to legal authority. Moreover, while it is clear from reading Mr. Terzian's brief that it is his belief that he should prevail on the facts of his case, the brief does not make it even remotely clear to this Court just what errors of fact and/or law he is claiming were committed by the hearing justice. When there is no meaningful development of issues and, importantly, no citation to the record or legal authority, this Court will not "give life" to arguments that are not properly developed. *Id.* Accordingly, it is our conclusion that Mr. Terzian has waived his arguments on appeal due to his failure to have adequately briefed the issues. *See* Rule 16(a); *Horton*, 22 A.3d at 1130.

We deem it worth noting that we recognize that Mr. Terzian appeared before this Court *pro se*. It is certainly "the right of litigants to represent themselves, although by doing so they assume a very difficult task." *Jacksonbay Builders, Inc. v. Azarmi*, 869 A.2d 580, 585 (R.I. 2005). We have stated that "[p]*ro se* litigants are often granted greater latitude by the court, although they are not entitled to greater rights than those represented by counsel." *Id.* (internal

quotation marks omitted).  And we have further commented that the "courts of this state cannot and will not entirely overlook established rules of procedure, adherence to which is necessary [so] that parties may know their rights, that the real issue in controversy may be presented and determined, and that the business of the courts may be carried on with reasonable dispatch."  *Id.* (alteration in original) (internal quotation marks omitted).  It is our view that, in concluding that Mr. Terzian is precluded from pursuing his right to appellate review in the instant case, we are acting in conformity with our just-quoted precedent concerning *pro se* plaintiffs.

## IV

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court.  We remand the record to that tribunal.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Boghos Terzian v. James J. Lombardi, in his capacity as Treasurer for the City of Providence, et al. |
| **Case Number** | No. 2015-340-Appeal.<br>(PC 11-2346) |
| **Date Opinion Filed** | April 3, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Brian Van Couyghen |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Boghos Terzian, Pro Se<br><br>For Defendants:<br><br>Etie-Lee Z. Schaub, Esq.<br>Robert P. Brooks, Esq.<br>Kenneth B. Chiavarini, Esq.<br>Julie A. Sacks, Esq.<br>Kennell Meas Sambour, Esq. |