**Supreme Court**
No. 2015-358-Appeal.

J. Ronald Fishbein          :

v.                          :

Cynthia R. Hanssen.         :

**O R D E R**

The plaintiff, J. Ronald Fishbein, appeals from an August 11, 2015 amended order and judgment in Providence County Superior Court dismissing his complaint and entering final judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. On appeal, he raises the following issues: (1) "[w]hether the sanction imposed [against him] was appropriate, meaning whether the conduct of Fishbein in moving for the disqualification of [opposing counsel] is sanctionable[ ] and [whether] assessment of legal fees was appropriate;" and (2) "[w]hether the imposition of legal fees in the amount of $5,000 was proper."

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this case should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this case may be decided at this time. For the reasons stated herein, we affirm the order of the Superior Court.

This case stems from a dispute about legal fees between plaintiff, who is currently a suspended Rhode Island attorney, and the defendant, Cynthia Hanssen. In the course of that dispute, on January 9, 2012, plaintiff first noticed the deposition of Ms. Hanssen's counsel. On

March 21, 2012, a protective order was granted preventing that deposition. In spite of the existence of that protective order, over two years later, on November 6, 2014, Mr. Fishbein moved to disqualify Ms. Hanssen's counsel so that he could call him as a witness at trial. The hearing justice found that the motion to disqualify had no basis "whatsoever" and that it was filed to "harass or cause unnecessary delay and clearly increase the cost of litigation." As a result, the hearing justice imposed sanctions in the amount of $5,000 against Mr. Fishbein. Mr. Fishbein failed to pay those sanctions, despite having been found to have the ability to pay and having been given several months to do so. Accordingly, the hearing justice dismissed Mr. Fishbein's complaint pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil Procedure. Ms. Hanssen's counterclaim in this case remains pending in Superior Court.

With respect to the first issue raised on appeal (*viz.*, whether or not Mr. Fishbein's conduct was sanctionable), it is our view that Mr. Fishbein has waived that issue on appeal. While he includes a lengthy fact section in his filing before this Court, he does not set forth any discussion of the issue in the analysis section of that filing, nor does he cite to any legal authority to support his contentions. As such, the first argument is waived. *See Terzian v. Lombardi*, 180 A.3d 555, 558 (R.I. 2018) ("It has been our consistent policy that simply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues * * * constitutes a waiver of that issue.") (brackets and internal quotation marks omitted).

Turning to Mr. Fishbein's contention with respect to the amount of the sanctions leveled against him, we note that he avers that the hearing justice did not find that he had an ability to pay the sanctions by the specified date and that he was entitled to an evidentiary hearing on his ability to pay. However, the hearing justice specifically found in the order and judgment on appeal that Mr. Fishbein was able to pay as ordered. What is more, even assuming *arguendo* that

an evidentiary hearing on the ability to pay was required (an issue we deliberately choose not to pass upon), it is clear from this Court's thorough perusal of the record that such a hearing was in essence held on both May 18 and June 18, 2015.

Mr. Fishbein further contends that there was no evidence that the time records kept by Ms. Hanssen's counsel were contemporaneous or that Ms. Hanssen "actually incurred" the charges. But Mr. Fishbein failed to file a single affidavit or any other evidence contesting the amount of fees in Superior Court, even when specifically invited to do so by the hearing justice at a February 4, 2015 hearing. As such, the hearing justice did not err in awarding $5,000 in sanctions based on opposing counsel's affidavit as to the fees incurred and the affidavit of attorney Paul V. Gallogly attesting to the fact that the fees were fair and reasonable. *See Lett v. Providence Journal Co.*, 798 A.2d 355, 368 (R.I. 2002) (stating that a trial justice "has the discretionary authority to fashion what [he or she] deems to be an appropriate sanction, one that is responsive to the seriousness of the violation under the circumstances and sufficient to deter repetition of the misconduct in question") (internal quotation marks omitted).

Accordingly, we affirm the order and judgment of the Superior Court.

Entered as an Order of this Court, this __7th__ day of May, 2019.

By Order,

_____/s/_____

Clerk

Justice Flaherty did not participate.

- 3 -

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | J. Ronald Fishbein v. Cynthia R. Hanssen. |
| **Case Number** | No. 2015-358-Appeal. <br> (PC 11-6009) |
| **Date Opinion Filed** | May 7, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ. |
| **Written By** | N/A |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> J. Ronald Fishbein, Pro Se <br> For Defendant: <br><br> Frederick A. Costello, Esq. |

SU-CMS-02A (revised June 2016)