June 16, 2020

Leslie Dominguez et al.           :

            v.                    :

Wilfredo Rosa Otero.              :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Leslie Dominguez et al.          :

v.                               :

Wilfredo Rosa Otero.             :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**   The plaintiffs, Leslie Dominguez and Marie B. Dominguez (collectively plaintiffs), appeal from an August 20, 2019 order of the Providence County Superior Court denying their motion for a new trial following a jury verdict in favor of the defendant, Wilfredo Rosa Otero.  This case came before the Supreme Court pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided.[1]  After examining the written submissions of the parties and after a thorough review of the record, we are of the opinion that this appeal may be decided without further briefing or argument.

**I**

**Facts and Travel**

On May 7, 2015, plaintiffs filed a complaint against Mr. Otero, alleging that his negligence caused an automobile collision that occurred on December 8, 2014 and that plaintiffs

---

[1]      Because the plaintiffs did not appear at oral argument, we decide this case based on the parties' written submissions and our review of the record.

suffered damages as a result. The case was heard before a jury over two days of trial. We summarize the pertinent testimony below.[2]

## A

### The Testimony at Trial

Leslie[3] testified that, at the time of the accident, she was driving a car owned by her mother, Marie Dominguez, on Eaton Street in Providence. She also testified that Marco Carrillo, her boyfriend at the time, was a passenger in the car. Leslie testified as follows concerning what she did when she arrived at the intersection of Eaton Street and Douglas Avenue:

> "I came to the complete stop at the traffic light. I put [on] my left blinker, and then I was waiting for it to turn green. So when it turned green, I waited a couple of seconds because I did see the other car in the other lane. So since it didn't move, I took my left."[4]

Leslie proceeded to testify that defendant's car was in front of her, towards her left. She further testified that she then turned left into the intersection at about ten miles per hour. It was Leslie's further testimony that defendant "accelerated toward [her] to avoid [her]," at which point defendant's vehicle collided with her vehicle. She stated that, as a result of the collision,

---

[2] The plaintiffs provided this Court with excerpts from the trial testimony but did not provide transcripts for the entire trial. However, based on the record before us, it appears that the excluded testimony relates to the issue of damages, which the jury did not reach. Therefore, we are satisfied that the record currently before us is sufficient for this Court to decide the present appeal.

[3] We identify plaintiffs by their first names solely for the sake of clarity. No disrespect is intended.

[4] We consider it useful to note, as the trial justice described in his decision, that the intersection where the accident occurred—the intersection of Douglas Avenue, Eaton Street, and Donelson Street—is not a perfectly perpendicular intersection. Both Eaton Street and Donelson Street carry traffic into Douglas Avenue, and each of those streets face each other, albeit not in an entirely symmetrical manner. In any event, the intersection is nonetheless controlled by a single traffic light.

- 2 -

both the driver's and passenger's side airbags in her vehicle deployed, which caused injury to her chest, hand, thumb, and lower back. On cross-examination, Leslie testified that, after her light turned green, she did not see defendant flash his headlights or make any other gesture indicating that she should go ahead through the intersection. She also testified that Mr. Otero's vehicle hit the front of her vehicle.

The next witness presented by plaintiffs was Marco Carrillo. Mr. Carrillo testified that he was a passenger in Leslie's car on the evening of December 8, 2014. Mr. Carrillo's description of the accident was substantially the same as the description provided by Leslie. He testified that, when the car driven by Leslie reached the intersection of Eaton Street and Douglas Avenue, Leslie stopped at the traffic light and that he saw that a "gentleman was on the other side."[5] Mr. Carrillo further testified that, when their light turned green, they proceeded into the intersection. He stated that he and Leslie "felt both the lights didn't turn green together because [they] had proceeded and the gentleman had not." It was further his testimony that, as they were turning, the gentleman accelerated in an effort to avoid their car and that the two cars collided.

Mr. Otero, testifying through an interpreter, testified that, on the night of the accident, he had left the Chad Brown housing complex and was driving towards Douglas Avenue. He stated that his wife, children, and a family friend were also in the vehicle. It was further Mr. Otero's testimony that, as he approached the intersection of Donelson Street and Douglas Avenue, he stopped because the traffic light was red. He testified that, while he was waiting at the light, "[t]here weren't any cars" on the opposite side (*i.e.*, the Eaton Street side) of the intersection. Mr. Otero then testified that, after his light turned green and he proceeded to go forward, Leslie's vehicle "was coming from the other side" of the intersection from Eaton Street and hit the

_____

[5] It is clear from the context that the "gentleman" that Mr. Carrillo referred to was Mr. Otero, the driver of the other car involved in the collision at issue.

driver's side of his vehicle.[6]  According to Mr. Otero's testimony, he first saw Leslie's car at the moment "[w]hen she was on top of [him]."  He further testified that he did not see Leslie's car stopped at any point prior to the accident and that "[s]he wasn't just moving, she was coming fast."  He stated that "[s]he wanted to run the light quickly."  On cross-examination, Mr. Otero testified that he was not talking to anyone in the car prior to the accident, but that his wife was talking to their family friend who was also in the vehicle.

Mr. Otero's wife, Albania Rosa, also testified through an interpreter at trial.  Ms. Rosa testified that she was seated in the front passenger seat of Mr. Otero's vehicle on the day of the accident.  Her testimony was similar to that of her husband; she testified that, when Mr. Otero approached the intersection at Douglas Avenue, he stopped and waited for the light to change.  She also testified that, while they were stopped at the light, there were no cars across the intersection.  It was further Ms. Rosa's testimony that, when the light turned green, they proceeded to cross the intersection, at which point Leslie's car contacted their own.  She stated that, when she first saw Leslie's car, it was moving.

**B**

**The Verdict and Plaintiffs' Motion for a New Trial**

On March 6, 2018, the jury returned its verdict.  The first question posed to the jury on the verdict form was: "Do you find that Leslie and Marie Dominguez have proved, by a fair preponderance of the evidence, that Wilfredo Rosa Otero was negligent in causing their injuries?"  The jury answered, "No."  Based on its response to the first question, the jury did not

---

[6]     The trial transcript initially indicated that Mr. Otero stated that the passenger's side of Leslie's vehicle hit the passenger's side of his vehicle.  However, the record reflects that the issue was later clarified when the interpreter admitted having made a mistake and that Mr. Otero had actually testified that the accident was "[d]river's side to driver's side * * *."

answer the remaining three questions on the verdict form regarding proximate cause, comparative negligence, and damages.

On March 12, 2018, plaintiffs filed a motion for a new trial. After conducting a hearing on April 4, 2018, the trial justice issued a written decision on May 24th of that year, denying plaintiffs' request for a new trial. After reviewing the testimony and evidence presented at trial, the trial justice stated that, although he found plaintiffs' "version" to be "more credible and consistent," "no witness was devoid of credibility." Accordingly, the trial justice concluded that "reasonable minds could differ on the outcome of the case." An order entered reflecting the trial justice's decision denying the motion for a new trial, and plaintiffs filed a timely notice of appeal.[7]

## II

### Standard of Review

The standard by which we review a trial justice's decision on a motion for a new trial is well established, and "we afford [such decision] great weight." *Branson v. Louttit*, 213 A.3d 417, 427 (R.I. 2019) (internal quotation marks omitted). "In considering a motion for a new trial, the trial justice sits as a super juror and is required to make an independent appraisal of the evidence in light of his or her charge to the jury." *Letizio v. Ritacco*, 204 A.3d 597, 602 (R.I. 2019) (internal quotation marks omitted). "If, after conducting this analysis, the trial justice concludes that the evidence is evenly balanced or that reasonable minds could differ on the verdict, she or he should not disturb the jury's decision." *Id.* (internal quotation marks omitted).

---

[7] We note that plaintiffs filed a notice of appeal on June 8, 2018, prior to the entry of an order reflecting the trial justice's decision to deny plaintiffs' motion for a new trial. This Court remanded the case for entry of an order; and, on August 20, 2019, said order was entered. Although plaintiffs' appeal was premature, "this Court will treat the premature appeal as if it had been timely filed." *Terzian v. Lombardi*, 180 A.3d 555, 557 n.4 (R.I. 2018).

In accordance with the deference we accord to a trial justice when ruling on a motion for a new trial, this Court "will not disturb such a ruling * * * unless he or she overlooked or misconceived material evidence or was otherwise clearly wrong in performing his or her function." *Branson*, 213 A.3d at 427 (internal quotation marks omitted).

## III

## Analysis

On appeal, plaintiffs argue that the trial justice erroneously denied their motion for a new trial because, according to plaintiffs, the unrefuted testimony at trial showed that Leslie had stopped at the red light. Therefore, in plaintiffs' view, the "logical and reasonable conclusion is that Mr. Otero failed to maintain a *proper lookout*." The plaintiffs also argue that "[t]he weight of testimony and photographs provided ample material evidence that defendant was at least partially at fault in this accident * * *." Additionally, plaintiffs contend that the trial justice contradicted his own finding that plaintiffs' testimonies were more credible by ultimately affirming the jury's verdict.

The plaintiffs' first argument regarding whether Leslie had stopped at the light and, thus, whether Mr. Otero failed to maintain a proper lookout is unavailing. Although Leslie and her passenger, Mr. Carrillo, both testified that Leslie stopped at the light before proceeding into the intersection, Mr. Otero and Ms. Rosa testified that they did not see any other cars stopped across the intersection. Mr. Otero also testified that, when he first saw Leslie's car, it was moving fast through the intersection before colliding with his car. Here, the trial justice addressed the inconsistencies between the parties' testimonies and found that "no witness was devoid of credibility." In view of this conflicting testimony, an assessment of credibility had to be made. This Court has repeatedly held that "we accord great deference to the trial justice's assessment of

- 6 -

the credibility of witnesses." *Bajakian v. Erinakes*, 880 A.2d 843, 852 (R.I. 2005); *see Donnelly v. Grey Goose Lines, Inc.*, 667 A.2d 792, 795 (R.I. 1995). After reviewing the record, it is clear to us that the trial justice did not overlook or misconceive material evidence in finding that reasonable minds could differ as to whether Mr. Otero was liable.[8]

Turning to plaintiffs' argument that the trial justice contradicted his own credibility findings by affirming the verdict, we hold that the trial justice correctly performed his role when ruling on plaintiffs' motion for a new trial. As he was required to do, the trial justice conducted an independent appraisal of the evidence and, based on that assessment, he reached a different conclusion from that of the jury. *See Letizio*, 204 A.3d at 602. He then acknowledged that, although he disagreed with the verdict in that he would have attributed some portion of the negligence to Mr. Otero, that did not end his analysis. He went on to find that, while he found plaintiffs' witnesses to be more credible, no witness was lacking in credibility. Accordingly, he concluded that reasonable minds could differ as to whether Mr. Otero was liable, and he denied plaintiffs' motion for a new trial on that basis.

The test for deciding whether a motion for a new trial in a civil action should be granted is not whether or not the trial justice agrees with the verdict.[9] As we have repeatedly stated, the

---

[8]  The plaintiffs also contend that "[p]hotographic evidence does not support Mr. Otero's contention that this was a side impact collision." However, the trial justice found that "[t]he photographic evidence shows that the front left of the Dominguez vehicle contacted the front left corner of the Otero car," which is consistent with the photographs submitted at trial.

[9]  We note that, in the criminal context, we have expressly held that it is the role of the trial justice to "decide whether or not 'he or she would have reached a result different from that reached by the jury.'" *State v. DiCarlo*, 987 A.2d 867, 870 (R.I. 2010) (quoting *State v. Morales*, 895 A.2d 114, 121 (R.I. 2006)). However, the analysis does not end there unless the trial justice agrees with the verdict. *Id.* If, on the other hand, the trial justice does not agree with the verdict, the next step is the following:

test is whether "the verdict [was] against the preponderance of the evidence and thereby fail[ed] to either do justice to the parties or respond to the merits of the controversy * * *." *King v. Huntress, Inc.*, 94 A.3d 467, 481 (R.I. 2014) (internal quotation marks omitted). Here, the trial justice recognized that, although he would have reached a different conclusion from that reached by the jury, sufficient evidence existed in the record to support the jury's verdict. *See Kemp v. PJC of Rhode Island, Inc.*, 184 A.3d 712, 720 (R.I. 2018) (upholding a decision to deny a motion for a new trial when the trial justice found both the plaintiff's and the defendants' witnesses credible). We perceive no error in the trial justice's analysis. As such, we uphold the decision to deny the plaintiffs' motion for a new trial.

## IV

### Conclusion

For the reasons set forth in this opinion, we affirm the order of the Superior Court. The record may be remanded to that tribunal.

---

"[He or she] must determine whether the verdict is against the fair preponderance of the evidence and fails to do substantial justice. If the verdict meets this standard, then a new trial may be granted. However, the motion will be denied if the trial justice determines that the evidence and the reasonable inferences drawn therefrom are so nearly balanced that reasonable individuals could differ." *Id.* (quoting *State v. Rivera*, 839 A.2d 497, 503 (R.I. 2003)).

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Leslie Dominguez et al. v. Wildredo Rosa Otero. |
| **Case Number** | No. 2018-343-Appeal.<br>(PC 15-1900) |
| **Date Opinion Filed** | June 16, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Jeffrey A. Lanphear |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Ernest G. Barone, Esq.<br>For Defendant:<br><br>Shaun Thomas Hogan, Esq. |

SU-CMS-02A (revised June 2016)