**Supreme Court**
No. 2021-105-Appeal.

Saul Rivera, individually and      :
on behalf of Nevaeh Matias (minor),
Saul Rivera (minor), Namiya Rivera
(minor), and Jordan Rivera (minor)

            v.             :

     John Cicilline et al.      :

# O R D E R

The plaintiff, Saul Rivera, individually and on behalf of his four minor children (plaintiff or Mr. Rivera), appeals from an order of the Superior Court granting a motion for summary judgment by the defendants, John Cicilline, David Cicilline, and Roberta Cicilline-DiMezza[1] (collectively the Cicilline defendants), and from the final judgment entered in favor of the Cicilline defendants pursuant thereto. This case came before the Supreme Court on April 5, 2022, pursuant to an

---

[1] Final judgment has entered against plaintiff in the Superior Court only as to defendants John Cicilline, David Cicilline, and Roberta Cicilline-DiMezza. The plaintiff also named the following as defendants in the complaint filed on September 27, 2017: N.E.S. Solutions LLC, alias North East Security Solutions; Wayne Fantasia; Daniel "Dan" Ashworth; The Vault Lounge, LLC, alias The Vault Lounge; Miguel Garcia; Rosemary Garcia, a/k/a Rosemary Morel; and several John and Jane Doe defendants. These additional defendants are not involved in this appeal.

- 1 -

order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this appeal may be decided without further briefing or argument. For the reasons set forth herein, we deny and dismiss the plaintiff's appeal.

The facts that gave rise to the complaint at the heart of this appeal are unfortunate. On September 28, 2014, Mr. Rivera and some companions visited The Vault Lounge (the Vault), a nightclub located on the first floor of 387 Atwells Avenue in the Federal Hill neighborhood of Providence. A verbal altercation arose between one of Mr. Rivera's companions and two unidentified individuals. Mr. Rivera and his companions exited through the back door of the club, where the unidentified individuals pursued and stabbed Mr. Rivera.

After surviving his near-fatal injuries, Mr. Rivera filed suit on behalf of himself and his minor children against the various defendants. Among those defendants were the Cicilline defendants. It appears from the record of the case that defendants John Cicilline and David Cicilline owned the 387 Atwells Avenue property and rented the first floor to the Vault.[2] Mr. Rivera's complaint alleged

---

[2] There is no dispute that Roberta Cicilline-DiMezza did not have an ownership interest in 387 Atwells Avenue at the time of the assault; it is unclear on what theory of relief plaintiff intended to recover against this defendant.

twelve claims for relief against all of the named defendants: (1) negligence; (2) negligent security; (3) inadequate security; (4) premises liability; (5) negligent leasing/renting; (6) negligent hiring/supervision with respect to defendants N.E.S. Solutions LLC, Wayne Fantasia, and Daniel Ashworth; (7) negligent hiring/supervision with respect to the remaining defendants; (8) a second count alleging inadequate security; (9) loss of consortium; (10) respondeat superior; (11) vicarious liability; and (12) equitable indemnification.

Following discovery, the Cicilline defendants moved for summary judgment on all claims asserted against them, arguing that they did not owe Mr. Rivera a duty of care as commercial landlords, and that therefore his claims for relief and his children's derivative claims for relief must fail. The trial justice granted the Cicilline defendants' motion for summary judgment, finding that those three defendants owed no duty to plaintiff.

The plaintiff appealed, assigning five errors: (1) the trial justice failed to address plaintiff's cause of action for negligent leasing; (2) the trial justice erred with respect to plaintiff's negligence claim; (3) the trial justice erred by failing to address a cause of action under equity principles; (4) the trial justice erred by disposing of all of plaintiff's claims based on the trial justice's finding that the Cicilline defendants owed no duty to plaintiff; and (5) the trial justice erred by finding that

the Cicilline defendants owed no duty as a matter of law without allowing questions of foreseeability to reach a jury.

Under this Court's well-established raise-or-waive rule and Article I, Rule 16(a) of the Supreme Court Rules of Appellate Procedure, a party seeking review before this Court of an alleged error must not only preserve the issue before the trial justice, but also provide "meaningful discussion thereof or legal briefing of the issues[.]" *Terzian v. Lombardi*, 180 A.3d 555, 557-58 (R.I. 2018) (quoting *Horton v. Portsmouth Police Department*, 22 A.3d 1115, 1130 (R.I. 2011)). Failure to provide "meaningful arguments, analysis, discussion, or citation to authority" constitutes waiver. *Id.* (brackets omitted) (quoting *Horton*, 22 A.3d at 1130). After a close review of plaintiff's papers before this Court, we are convinced that plaintiff has failed to articulate or develop the legal issues raised in his arguments before this Court.

Moreover, following our examination of the record of proceedings below, we are satisfied that the trial justice's well-reasoned decision properly concluded as a matter of law that the Cicilline defendants owed no duty to the plaintiff and that this conclusion disposed of all of the plaintiff's claims against the Cicilline defendants. *See Lucier v. Impact Recreation, Ltd.*, 864 A.2d 635, 639 (R.I. 2005) ("Whether a duty exists in a particular case is a question of law for the trial or motion justice."). Though the plaintiff raises many facts that he asserts made the assault against Mr.

Rivera foreseeable, nowhere in his written submissions does he raise genuine issues of material fact that would undermine the trial justice's conclusion that the Cicilline defendants owed no duty to the plaintiff as a matter of law. *See id.* at 640 ("[A commercial landlord] is not liable for injuries that the guest of a tenant suffers on the leased premises, unless the injury results from the landlord's breach of a covenant to repair in the lease, or from a latent defect known to the landlord but not known to the tenant or guest, or because the landlord subsequently has assumed the duty to repair.").

Accordingly, the plaintiff's appeal is denied and dismissed.

Entered as an Order of this Court this  11th  day of    May   , 2022.

By Order,

          /s/ Debra A. Saunders          
                          Clerk



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

**ORDER COVER SHEET**

| | | |
|---|---|---|
| **Title of Case** | Saul Rivera, individually and on behalf of Nevaeh Matias (minor), Saul Rivera (minor), Namiya Rivera (minor), and Jordan Rivera (minor) v. John Cicilline et al. | |
| **Case Number** | No. 2021-105-Appeal.<br>(PC 17-4605) | |
| **Date Order Filed** | May 11, 2022 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Netti C. Vogel | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Lawrence Almagno, Jr., Esq. | |
| | For Defendants:<br><br>C. Russell Bengtson, Esq. | |