**Supreme Court**
No. 2022-31-Appeal.

Arturo P. Batac         :

v.               :

Wells Fargo Home Mortgage et al.   :

# **O R D E R**

This case came before the Supreme Court for oral argument on January 25, 2023, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Arturo P. Batac (plaintiff), appeals *pro se* from a Superior Court order granting a motion by the defendants, Wells Fargo Home Mortgage and Rushmore Loan Management Services (collectively, defendants), to dismiss the plaintiff's amended complaint. On appeal, the plaintiff asserts, *inter alia*, that the defendants improperly placed his mortgage account into delinquency status, thereby preventing him from refinancing his mortgage. After considering the parties' written and oral submissions and carefully reviewing the record, we are satisfied that cause has not been shown and that the appeal may be decided at this time. For the reasons set forth herein, we affirm the order of the Superior Court.

At the outset, we note that plaintiff's statement filed pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure not only fails to assert any claim of error on the part of the trial justice, but it also fails to coherently present arguments in support of overturning the order of the Superior Court. The plaintiff's Rule 12A statement merely reiterates his belief that he was wronged by defendants and that defendants' actions violated the Federal Trade Commission Act. We have consistently held that "simply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue." *Terzian v. Lombardi*, 180 A.3d 555, 558 (R.I. 2018) (brackets omitted) (quoting *Horton v. Portsmouth Police Department*, 22 A.3d 1115, 1130 (R.I. 2011)).

Further, as the trial justice correctly noted, plaintiff's amended complaint fails entirely to comply with the pleading requirements set forth in Rule 8 of the Superior Court Rules of Civil Procedure. Of note, the amended complaint was filed after the trial justice warned plaintiff that the original complaint was wholly insufficient and afforded him additional time to file an amended complaint and the opportunity to obtain counsel. The plaintiff's amended complaint consists simply of broad conclusory statements that defendants violated the law without stating how defendants violated the law, and it does not set forth any facts or circumstances

related thereto. Therefore, defendants were not provided with fair and adequate notice of the type of claims being asserted by plaintiff as required by Rule 8.

While *pro se* litigants are often provided greater latitude by courts, "they are not entitled to greater rights than those represented by counsel." *Terzian*, 180 A.3d at 558-59 (quoting *Jacksonbay Builders, Inc. v. Azarmi*, 869 A.2d 580, 585 (R.I. 2005)). The trial justice provided the plaintiff with every opportunity to obtain legal counsel, warned of the disadvantages of proceeding as a *pro se* litigant, and explained the possible consequences of failing to adhere to our pleading requirements and the Superior Court Rules of Civil Procedure. Before this Court, the plaintiff again stated that he was wronged by the defendants but failed to specify any errors purportedly made by the trial justice. We are simply unable to adjudicate claims, regardless of whether the party is *pro se* or represented by counsel, when the pleadings fail to comply with our most basic requirements.

Accordingly, the Superior Court's order granting the defendants' motion to dismiss is affirmed, and judgment shall enter in favor of the defendants. The record may be returned to the Superior Court.

Entered as an Order of this Court this 16th day of February, 2023.

By Order,

/s/ Debra A. Saunders, Clerk
_____

Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Arturo P. Batac v. Wells Fargo Home Mortgage et al. | |
| **Case Number** | No. 2022-31-Appeal<br>(PM 20-8084) | |
| **Date Order Filed** | February 16, 2023 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Richard D. Raspallo | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Arturo P. Batac, *Pro Se* | |
| | For Defendants:<br><br>Rowdy M. Cloud, Esq.<br>David E. Fialkow, Esq. | |