**Supreme Court**

No. 2022-18-Appeal.
No. 2022-70-Appeal.
(PC 20-5579)

Arturo P. Batac                    :

v.                                 :

Verizon.[1]                        :

# O R D E R

The plaintiff, Arturo P. Batac (plaintiff or Mr. Batac), appeals *pro se* from a Superior Court order granting the motion of the defendant, Verizon (defendant or Verizon), to stay and compel arbitration. Separately, Mr. Batac appeals from a Superior Court order granting the defendant's motion to strike Mr. Batac's notice of appeal of the Superior Court order granting the motion to compel arbitration. These consolidated cases came before the Supreme Court on January 25, 2023, pursuant to an order directing the parties to appear and show cause why the issues raised in these appeals should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that we may decide these appeals without further briefing or argument. For the reasons set forth in this order, we vacate the order of the Superior Court

---

[1] The plaintiff names "Verizon" as the defendant in his complaint. The defendant asserts that its proper name is "Verizon New England, Inc."

- 1 -

granting the defendant's motion to strike the notice of appeal and affirm the order of the Superior Court granting the defendant's motion to stay and compel arbitration.

On August 5, 2020, Mr. Batac filed an action against defendant in Superior Court seeking $25,000 in compensatory damages, punitive damages, and court costs. His complaint alleged that defendant engaged in a fraudulent business scheme that involved defendant hacking into his emails. Mr. Batac further alleged that, if he failed to pay his monthly bill, defendant would interrupt his services and that defendant had done so on several prior occasions.

In response, defendant filed an answer including fourteen affirmative defenses as well as a demand for a jury trial. Crucial to this matter, defendant's third affirmative defense stated that the Superior Court must stay plaintiff's action so that the parties could resolve the issues through arbitration, as mandated by the agreed terms of service between the parties. Shortly after filing its answer, defendant filed a motion to stay and compel arbitration that a justice of the Superior Court heard and ultimately granted.

On November 17, 2020, Mr. Batac filed a notice of appeal. However, his notice of appeal form failed to provide several details regarding the background of this case. No activity took place in this matter until, over one year later, defendant filed a motion to strike plaintiff's notice of appeal based on the defects contained within the filing. After defendant filed its motion, Mr. Batac spoke with an

individual in the Superior Court clerk's office and submitted a corrected notice of appeal. On January 12, 2022, the case was certified to this Court and later docketed on January 19, 2022. Nevertheless, almost one month later, a second justice of the Superior Court heard and granted defendant's motion to strike, and Mr. Batac timely filed a second notice of appeal.

Before this Court, Mr. Batac argues that the trial justices erred in: (1) granting defendant's motion to strike his notice of appeal and (2) granting defendant's motion to stay and compel arbitration.

Article I, Rule 11(f) of the Supreme Court Rules of Appellate Procedure states that "[f]rom the time of the docketing of an appeal in the Supreme Court, the Court shall have exclusive jurisdiction to supervise the further course of such appeal and enter such orders as may be appropriate * * * ." As such, the docketing of an appeal divests the Superior Court of jurisdiction, even where motions are pending at the time of docketing. *See Thompson v. Thompson*, 973 A.2d 499, 513 (R.I. 2009) ("It is well established that once an appeal has been docketed in this Court, the lower court no longer has jurisdiction."). The Superior Court therefore lacked jurisdiction to act after the case was docketed in this Court on January 19, 2022, and we vacate the second trial justice's order granting defendant's motion to strike.

Regarding defendant's motion to stay and compel arbitration, this Court conducts a *de novo* review to determine whether a dispute is arbitrable. *West*

- 3 -

*Warwick Housing Authority v. RI Council 94, AFSCME, AFL-CIO*, 277 A.3d 707, 712 (R.I. 2022). Because the duty to arbitrate arises from an agreement to do so, parties must arbitrate only when they agree pursuant to clear and unequivocal language. *Rhode Island Council on Postsecondary Education v. Hellenic Society Paideia – Rhode Island Chapter*, 202 A.3d 931, 934 (R.I. 2019) (quoting *State Department of Corrections v. Rhode Island Brotherhood of Correctional Officers*, 866 A.2d 1241, 1247 (R.I. 2005)). While this Court requires parties to arbitrate only issues that they explicitly agree to arbitrate, we resolve all doubts regarding arbitrability in favor of arbitration. *Id.*

Here, the arbitration provision contained in the terms of service agreement is abundantly clear.[2] Moreover, the terms of service specify that an individual accepts this agreement either (1) electronically during an online order, when installing the software, or the equipment; (2) through the use of defendant's services; or (3)

---

[2] The arbitration provision states, in pertinent part:
> "YOU AND VERIZON BOTH AGREE TO RESOLVE DISPUTES ONLY BY ARBITRATION OR IN SMALL CLAIMS COURT.

> "* * *

> "ANY DISPUTE THAT IN ANY WAY RELATES TO OR ARISES OUT OF THIS AGREEMENT OR FROM ANY EQUIPMENT, PRODUCTS AND SERVICES YOU RECEIVE FROM US (OR FROM ANY ADVERTISING FOR ANY SUCH PRODUCTS OR SERVICES) WILL BE RESOLVED BY ONE OR MORE NEUTRAL ARBITRATORS BEFORE THE AMERICAN ARBITRATION ASSOCIATION ('AAA')."

through an individual's retention of defendant's software or equipment beyond thirty days following delivery.

Mr. Batac does not deny that he used defendant's services, and he has admitted that he subscribed to defendant's services dating back to 2015. We conclude that the first trial justice did not err in finding that Mr. Batac accepted the arbitration agreement, or that the allegations contained in Mr. Batac's complaint arise out of and relate to his agreement with defendant and the services he received.[3] Therefore, we affirm the first trial justice's order granting defendant's motion to stay and compel arbitration.

Accordingly, we vacate the order of the Superior Court granting the defendant's motion to strike the notice of appeal and affirm the order of the Superior Court granting the defendant's motion to stay and compel arbitration.

---

[3] Mr. Batac lists a variety of arguments in support of his appeal. However, he has failed to meaningfully support these arguments with sufficient facts or legal arguments. *Terzian v. Lombardi*, 180 A.3d 555, 558 (R.I. 2018) ("[S]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue.") (quoting *Horton v. Portsmouth Police Department*, 22 A.3d 1115, 1130 (R.I. 2011)). A litigant's failure to provide "meaningful arguments, analysis, discussion, or citation to authority" constitutes a waiver. *Id.* (brackets omitted) (quoting *Horton*, 22 A.3d at 1130). While we acknowledge and understand plaintiff's self-represented status, this Court is unfortunately unable to provide him with greater rights than those represented by counsel. *Id.* at 558-59 (quoting *Jacksonbay Builders, Inc. v. Azarmi*, 869 A.2d 580, 585 (R.I. 2005)).

Entered as an Order of this Court this <u>27th</u> day of February, 2023.

By Order,

/s/ Debra A. Saunders, Clerk
_____

Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Arturo P. Batac v. Verizon. | |
| **Case Number** | No. 2022-18-Appeal.<br>No. 2022-70-Appeal.<br>(PC 20-5579) | |
| **Date Order Filed** | February 27, 2023 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Joseph A. Montalbano | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Arturo P. Batac, *Pro se* | |
| | For Defendant:<br><br>Matthew S. Prunk, Esq. | |

SU-CMS-02B (revised November 2022)