June 9, 2023                                    **Supreme Court**

                                               No. 2022-45-Appeal.
                                               (PC 20-8274)

Karen A. Oliveira                :

        v.                       :

Ashley L. Levesque.              :


NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Karen A. Oliveira        :

v.        :

Ashley L. Levesque.        :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.**  The defendant, Ashley L. Levesque, appeals *pro se* from a Superior Court judgment in favor of the plaintiff, Karen A. Oliveira, following the grant of the plaintiff's motion for summary judgment.[1]  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth herein, we affirm the judgment of the Superior Court.

---

[1] Like defendant, plaintiff is proceeding *pro se* before us.  We note, however, that plaintiff is a practicing attorney in Rhode Island.

# I

## Facts and Procedural History

This dispute arises from an ill-fated attorney-client relationship. The relationship dissolved in July 2020, and subsequently, on November 30, 2020, plaintiff filed a complaint in Providence County Superior Court alleging breach of contract and seeking to recover $12,907.92 for unpaid services provided to defendant. The plaintiff also claimed that she was entitled to statutory interest, attorneys' fees, and costs of suit.

The plaintiff's attorney-client relationship with defendant began on January 13, 2020, after defendant contacted plaintiff to obtain representation in a divorce proceeding. The defendant agreed to the terms and conditions of plaintiff's services that are reflected in a letter of representation dated January 11, 2020.

Under the terms of the letter of representation, defendant was required to submit a $5,000 retainer fee to plaintiff to be deposited into a client escrow account. The plaintiff would "then bill against said retainer until it is exhausted." The letter of representation stated that, "[i]f [plaintiff's] fees and expenses exceed[ed] the amount that [defendant] deposited in [the client] escrow account thereby depleting the retainer amount," plaintiff would "require that [defendant] make additional advances" to "complete subsequent stages of legal representation of [the] matter."

On January 13, 2020, defendant paid plaintiff an initial $5,000 retainer. By February 28, 2020, defendant's initial retainer was exhausted, and she had incurred an additional $3,414.92 balance for plaintiff's professional services and other charges. On April 9, 2020, defendant provided plaintiff with a second $5,000 retainer.

The impetus of the breakdown of the parties' relationship occurred on July 2, 2020, when defendant received a second invoice for services provided from February 28 through May 26, 2020. In addition to the second $5,000 payment having been exhausted, an additional $8,176.92 had been incurred. The plaintiff also informed defendant that she should expect a third invoice for services provided after May 26, 2020.

That same day, defendant relayed her frustrations to plaintiff concerning the fact that she had already spent $10,000 and felt that her "case [was] in worse shape than when it started." The defendant also told plaintiff that she was unaware that "[she] had depleted [her] second $5,000 retainer" and that the bill was "unacceptable as [defendant] would not have authorized [plaintiff] to spend over the $10,000 in retainer funds [that defendant had] already provided [plaintiff]."

On July 7, 2020, defendant informed plaintiff that she "had retained a new attorney and was terminating [plaintiff's] services." Subsequently, plaintiff sent defendant a third and final invoice for services provided from May 27, 2020, through

July 8, 2020. In addition to the $8,176.92 outstanding from the second invoice, plaintiff billed defendant an additional $4,731 for services rendered since May 27, 2020. The ultimate unpaid balance was $12,907.02.

The defendant filed a response to plaintiff's complaint on December 21, 2020. In the response, defendant asserted that, before plaintiff brought suit against her, she attempted to contact plaintiff to discuss and challenge the outstanding charges. The defendant further claimed that she "diligently tried to come to some financial resolution with [plaintiff] but she [did] not respond." The defendant also stated that "[plaintiff] refuse[d] to speak with [her]."

On January 25, 2021, plaintiff sent defendant four requests for admission regarding plaintiff's services and the associated invoices for defendant's legal expenses. In the first request for admission, plaintiff requested that defendant admit to the following:

> (1) "[T]he defendant * * * retained the services of the plaintiff, Karen A. Oliveira, on January 13, 2020[,] for the purpose of representation in a matter within the Rhode Island Family Court.
>
> (2) "[T]he defendant * * * executed the attached Letter of Representation * * *.
>
> (3) "[The] Letter of Representation provides that if a collection action needs to be undertaken under the agreement, that you will pay all costs of collection, including court costs and reasonable attorney's fees incurred in the collection.

(4) "[T]he defendant * * * received legal services provided by the plaintiff and the matter within the State of Rhode Island Family Court."

The plaintiff also requested that defendant admit that she received the three invoices for services provided from (1) January 11 through February 28, 2020; (2) February 28 through May 26, 2020; and (3) May 27 through July 8, 2020. The defendant returned the first request for admission with "yes" handwritten beside each of the statements. The defendant failed to return any of the remaining requests for admission.[2]

On March 11, 2021, plaintiff filed a motion for summary judgment. The plaintiff submitted a memorandum and affidavit in support of her motion; attached to the affidavit were copies of plaintiff's requests for admission and defendant's response. The defendant did not file an objection or otherwise respond to the motion. After several attempts to reschedule the hearing to accommodate defendant, a hearing on the motion was held on June 21, 2021. The defendant failed to appear at the hearing.

---

[2] Rule 36(a) of the Superior Court Rules of Civil Procedure permits a party to serve upon any other party written requests for admission, requiring that "[e]ach matter of which an admission is requested * * * be separately set forth." The "matter is admitted unless, within thirty (30) days after service of the request, * * * the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter * * *." Super. R. Civ. P. 36(a). In the case at bar, defendant's failure to respond rendered the matters admitted as a matter of law. *See id.*

In a letter filed with this Court, defendant "implor[ed] the [C]ourt [to] consider [her] side of the story, since [she] was not present in court on June 21." According to defendant, she did not attend the hearing because, "based on written communication" with plaintiff, she was under the impression that she and plaintiff had settled.

The defendant claims that, although her new attorney is not representing her in this matter, he had assisted her by speaking with plaintiff and conveying defendant's offer to settle the instant action for $8,000. The plaintiff responded "with a letter stating she would entertain the settlement if [defendant] removed [a negative] google review" written by defendant about plaintiff.

The plaintiff included this letter, dated June 8, 2021, in her papers before this Court. Indeed, in the letter plaintiff states, "Before I entertain resolving the Superior Court case with you, I will need proof that you contacted Google and remove [*sic*] this post. In addition, I need a stipulation that you will refrain from any further social media or other posts."

After removing the Google review and sending proof to plaintiff, defendant states that she repeatedly attempted to confirm the next steps for settling the matter. Shortly before the summary-judgment hearing was held on June 21, 2021, defendant claims to have emailed plaintiff to remind her that they were "scheduled for court and asked whether [plaintiff] was withdrawing her motion based on [defendant's]

removal of the google review[,]" but defendant never received a response. Finally, on the morning of the summary-judgment hearing, defendant also claims to have attempted to contact plaintiff when she realized plaintiff's motion was never withdrawn, but plaintiff never responded.

At the hearing, when defendant did not appear, the hearing justice issued a bench decision granting plaintiff's unopposed motion for summary judgment. On June 28, 2021, final judgment entered in favor of plaintiff. The defendant filed a timely notice of appeal on July 7, 2021. On July 26, 2021, a writ of execution was issued for the judgment.

## II

### Standard of Review

"This Court will review the grant of a motion for summary judgment *de novo*, employing the same standards and rules used by the hearing justice." *Regan Heating and Air Conditioning, Inc. v. Arbella Protection Insurance Company, Inc.*, 287 A.3d 502, 506 (R.I. 2023) (quoting *Dulong v. Merrimack Mutual Fire Insurance Company*, 272 A.3d 120, 125 (R.I. 2022)). "We will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Id.* at 507 (quoting *Borgo v. Narragansett Electric Company*, 275 A.3d 567, 571 (R.I. 2022)).

- 7 -

"A party opposing a motion for summary judgment bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Regan Heating and Air Conditioning, Inc.*, 287 A.3d at 507 (quoting *Andrade v. Westlo Management LLC*, 276 A.3d 393, 399 (R.I. 2022)). Finally, although "*pro se* litigants are often granted greater latitude by [a] court," they are not exempt from our rules. *Terzian v. Lombardi*, 180 A.3d 555, 558 (R.I. 2018) (brackets omitted) (quoting *Jacksonbay Builders, Inc. v. Azarmi*, 869 A.2d 580, 585 (R.I. 2005)). The "courts of this state cannot and will not entirely overlook established rules of procedure, adherence to which is necessary so that parties may know their rights, that the real issue in controversy may be presented and determined, and that the business of the courts may be carried on with reasonable dispatch." *Id.* at 559 (brackets omitted) (quoting *Jacksonbay Builders, Inc.*, 869 A.2d at 585).

## III

### Discussion

The defendant's failure to have objected to plaintiff's motion for summary judgment or to have submitted evidence that demonstrates that she did not owe the legal expenses claimed by plaintiff frustrates our ability to provide meaningful review. *See Regan Heating and Air Conditioning, Inc.*, 287 A.3d at 507. Instead, we are constrained by the facts before the hearing justice. *See id*. Based upon the

- 8 -

parties' letter of representation, defendant's admissions, and the invoices submitted by plaintiff, we find that there is no disputed issue of material fact, and that, therefore, defendant is liable for the outstanding balance due as payment for plaintiff's services.[3]

Thus, the hearing justice did not err in granting the plaintiff's motion for summary judgment.

## IV

## Conclusion

Accordingly, we affirm the judgment of the Superior Court. The record may be returned to the Superior Court.

---

[3] The defendant admits that failing to appear at the summary judgment hearing was "a major lack of judgment and error on [her] part." Nevertheless, we note that we are troubled by the circumstances before us. The defendant makes serious allegations that plaintiff was fraudulent in her billing practices, failed to timely notify defendant of mounting fees, and did not participate in settlement discussions in good faith. We are of the opinion that these circumstances exacerbated the legal morass defendant finds herself in today.

The Court is aware that Family Court matters can be contentious and complicated, oftentimes resulting in staggering attorneys' fees. Unfortunately, defendant's acrimonious divorce proceeding appears to be such a matter. Be that as it may, plaintiff failed to provide defendant with invoices for over four months. The defendant was, therefore, unaware that she was accumulating over $12,000 in fees and expenses. The plaintiff then refused to engage in settlement discussions with defendant, even after defendant satisfied plaintiff's demand that the negative Google review be removed. It is obvious to us that, at any point, plaintiff could have acted to avoid or mitigate this conflict. Attorneys, as officers of the court, should be wary of the sometimes-one-sided battle a former client faces when embroiled in a dispute with an attorney and should conduct themselves accordingly.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Karen A. Oliveira v. Ashley L. Levesque. |
| **Case Number** | No. 2022-45-Appeal.<br>(PC 20-8274) |
| **Date Opinion Filed** | June 9, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard D. Raspallo |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Karen Auclair Oliveira, *pro se*<br>For Defendant:<br><br>Ashley L. Levesque, *pro se* |