**Vivian J. VITI**

v.

**John N. VITI.**

**No. 2000–73–Appeal.**

Supreme Court of Rhode Island.

June 21, 2001.

Mitchell S. Riffkin, Warwick, for Plaintiff.

Kathleen Managhan, Newport, for Defendant.

Present WILLIAMS, C.J.,
LEDERBERG, BOURCIER,
FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on May 17, 2001, pursuant to an order directing both parties to appear so they could show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts insofar as they are pertinent to this appeal are as follows.

Vivian J. Viti (plaintiff) and John N. Viti (defendant) were married on February 17, 1987. At the time of the marriage, both parties owned real estate: plaintiff owned property at 16 Webster Street in Newport, Rhode Island, and defendant owned property at 19 Hilltop Avenue in Middletown, Rhode Island. In May 1987, the parties purchased the marital domicile at 10 Woodland Drive in Portsmouth, Rhode Island. Sometime thereafter, the Hilltop property was sold to plaintiff's daughter [1] and son-in-law, with a gift of equity totaling $27,500. The proceeds from the sale of defendant's Hilltop property eventually were used to retire the mortgage on the parties' Woodland Drive Home.

The record indicates that the parties had a tumultuous relationship, with most of their problems related to finances, coupled with alcohol abuse that "brought out the worst in them." One result of the overin-dulgence in alcohol was that defendant became physically abusive toward plaintiff, striking her on several occasions. These episodes were so violent that plaintiff suffered a cracked rib, black eyes, and bruises on her body. During one such violent argument in 1996, after being assaulted by defendant, plaintiff struck him back and pushed him down the cellar stairs. When defendant climbed back up the stairs, plaintiff struck him again, causing him to break his collar bone and suffer a separated rotator cuff.

In May 1997, plaintiff and defendant separated. At that time, plaintiff was working part time as a bookkeeper and salesperson and defendant was working full time as a taxicab driver.[2] Before plaintiff vacated the marital home, she took with her $15,000 in cash, that defendant had kept in a box in the attic of the premises. The defendant had earned the money working as a caretaker for an elderly woman. The plaintiff used this money to pay for her personal expenses.

On November 22, 1999, a Family Court justice awarded both parties an absolute divorce based on irreconcilable differences that had caused the irremediable breakdown of the marriage and issued a decision pending entry of final judgment. After reviewing the parties' circumstances and conduct during the marriage, the trial justice awarded plaintiff 60 percent of the marital assets and defendant 40 percent of the marital estate. This division required defendant to pay $53,080 to plaintiff in order to remain in the marital domicile. The defendant appealed from the Family Court justice's decision pending entry of a final judgment. In support of his appeal, defendant argues that the trial justice

1. Both plaintiff and defendant had been married previously and had adult children from their respective relationships. However, they had no children together.

2. Additionally, defendant received a monthly Social Security check.

failed to set forth with specificity the reasons upon which she relied in deciding to award plaintiff 60 percent of the marital assets.

■■■ "[T]he equitable distribution of marital assets is left to the sound discretion of the [Family Court justice who] is obligated to consider the factors prescribed by the Legislature in G.L.1956 § 15–5–16.1." *Murphy v. Murphy,* 714 A.2d 576, 579 (R.I.1998) (citing *Thompson v. Thompson,* 642 A.2d 1160, 1162 (R.I. 1994); *Moran v. Moran,* 612 A.2d 26, 33–34 (R.I.1992)). That provision, Rhode Island's equitable distribution statute, requires that the court consider, among other things, the length of the marriage, the conduct of the parties during the marriage, the contribution of each of the parties during the marriage in the acquisition, preservation, or appreciation in value of their respective estates, the amount and sources of income of each of the parties, the occupation and employability of each of the parties, the opportunity of each party for future acquisition of capital assets and income, and any factor that the court shall expressly find to be just and proper. G.L. 1956 § 15–5–16.1. " 'If the [Family Court justice] did not overlook or misconceive material evidence, and if [s]he considered all the requisite statutory elements [delineated above], this [C]ourt will not disturb [her] findings.' " *Murphy,* 714 A.2d at 579–80.

■■ The record reveals that the Family Court justice conscientiously considered all the factors enumerated in § 15–5–16.1 when she distributed the marital property. She took into account the length of the marriage; the parties' overconsumption of alcohol; defendant's physical abuse of plaintiff; the fact that both parties had brought homes to the marriage and that the sale of defendant's property had enabled the parties to eliminate the monthly mortgage on the marital domicile. Further, she found that although defendant sometimes worked two jobs, it was plaintiff who was responsible for the household duties, and that defendant had far more resources than plaintiff, and that he had a "far greater ability than * * * [p]laintiff to acquire capital assets, and [that] he also ha[d] the greater income."

Although the Family Court justice did not state with specificity the factors she was relying on in awarding plaintiff 60 percent of the marital assets, she did consider all the evidence in light of the factors set forth in § 15–5–16.1. This Court has stated that "[a]s long as [we are] able to review a lower court's decision and to determine therefrom that all the necessary facts and statutory factors were considered, we shall not require that court to explain its considerations in a particular or a single pr[e]scribed manner." *Gervais v. Gervais,* 688 A.2d 1303, 1308 (R.I.1997); *see also Olivieri v. Olivieri,* 760 A.2d 1246, 1250 (R.I.2000). Consequently, the Family Court justice did not err nor did she abuse her discretion in ordering an equitable distribution of the parties' marital assets.

For the reasons stated, the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in the case are remanded to the Family Court.