June 16, 2021

**Supreme Court**

No. 2020-3-Appeal.
No. 2020-65-Appeal.
(P 14-2875)

Terry Ann Smith          :

v.          :

Andrew Smith.          :

# O R D E R

These consolidated appeals came before the Supreme Court on May 12, 2021, pursuant to an order directing the parties to appear and show cause why the issues raised should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that these appeals may be decided without further briefing or argument. For the reasons set forth in this order, we affirm the orders of the Family Court.

This case stems from a prolonged and contentious divorce dispute between the defendant, Andrew Smith (defendant or Mr. Smith), and his former spouse, the plaintiff, Terry Ann Smith (plaintiff or Ms. Smith). Mr. Smith, a self-represented litigant, appeals from orders of the Family Court (1) establishing reasonable attorneys' fees as sanctions for his prior violations of Rule 11 of the Family Court

- 1 -

Rules of Domestic Relations Procedure, the imposition of which this Court affirmed in *Smith v. Smith*, 207 A.3d 447 (R.I. 2019); (2) setting aside the transfer of marital property that Mr. Smith had conveyed to a third party for one cent; and (3) appointing a commissioner to sell that marital property.

In *Smith*, we discussed the disturbing facts and procedural history of this case; we therefore recite only those facts that relate directly to the present appeals. In *Smith*, this Court upheld the Family Court's imposition of Rule 11 sanctions upon Mr. Smith because he had "deliberately sought to deceive the court, refused to comply with discovery requests, and engaged in vexatious litigation practices by filing a multitude of frivolous motions and appealing nearly every decision by the general magistrate." *Smith*, 207 A.3d at 448, 451. Thus, Mr. Smith was ordered to pay plaintiff's attorneys' fees. *Id.* at 449. The Court also affirmed the Family Court's distribution of marital assets, which included a distribution to Ms. Smith of 50 percent of the value of marital real property located at 1703 Pontiac Avenue, Cranston (the property) that Mr. Smith had conveyed to his friend, Marcia McCabe, for the consideration of one cent on September 1, 2016. *See id.* at 448-50.

On June 4, 2019, after remand of the case to the Family Court, Ms. Smith sought entry of a final judgment of divorce; determination of reasonable attorneys' fees due as sanctions for Mr. Smith's violations of Rule 11; an order setting aside and deeming void the conveyance of the property to Ms. McCabe; and the

appointment of a commissioner to sell the property. A justice of the Family Court entered a final judgment of divorce on July 19, 2019. The trial justice further added Ms. McCabe as a third-party defendant and scheduled the remaining issues for a later hearing.

On November 18, 2019, Ms. Smith testified and presented documentary evidence of the fees she incurred in responding to defendant's Rule 11 violations. She also presented expert testimony concerning attorneys' fees and solicited testimony from Ms. McCabe regarding the nature of her relationship with Mr. Smith and the circumstances surrounding the transfer of the property. The trial justice awarded attorneys' fees to Ms. Smith in the amount of $30,308.75, finding that the time spent and rate charged by plaintiff's counsel were reasonable. The trial justice also set aside the transfer of the property, finding that Ms. McCabe was not credible and that the conveyance of the property was fraudulent. The trial justice entered an order on December 4, 2019, and Mr. Smith filed a timely appeal (No. 2020-3-A.).

Ms. Smith thereafter renewed her motion for the appointment of a commissioner to sell the property. At a hearing on the motion, Mr. Smith vehemently objected, asserting that "if anybody enters on that property * * * they're going to be committing a crime" and "Rhode Island State Police is going to be notified." The trial justice found that the appointment of a commissioner was necessary "based upon the history of the case and further, based upon statements of

- 3 -

the Defendant in [c]ourt[.]" An order entered on December 20, 2019, from which Mr. Smith timely appealed (No. 2020-65-A.).

Mr. Smith claims myriad errors on appeal, many of which relate to earlier decisions of the trial justice regarding the equitable distribution of the parties' marital assets and the imposition of Rule 11 sanctions. Mr. Smith has already appealed from those decisions, which this Court affirmed in *Smith*. It is futile to relitigate issues that have already been decided. *See BI Boat Basin Associates, LLC v. Sky Blue Pink, LLC*, 242 A.3d 462, 466 (R.I. 2020) ("*Res judicata*, or claim preclusion, bars the relitigation of all issues that were tried or might have been tried in an earlier action.") (quoting *JHRW, LLC v. Seaport Studios, Inc.*, 212 A.3d 168, 177 (R.I. 2019)).

Several of Mr. Smith's remaining claims of error are demonstrably false or unsupported by factual or legal analysis. *See Drew v. State*, 198 A.3d 528, 530 (R.I. 2019) ("[S]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver on that issue.") (quoting *Dunn's Corners Fire District v. Westerly Ambulance Corps*, 184 A.3d 230, 235 (R.I. 2018)); *Terzian v. Lombardi*, 180 A.3d 555, 558 (R.I. 2018) ("[W]e will not 'scour the record to identify facts in support of the plaintiff's broad claims, and we will not give life to arguments that the plaintiff has failed to develop on his

- 4 -

own.'") (quoting *McMahon v. Deutsche Bank National Trust Co.*, 131 A.3d 175, 176 (R.I. 2016) (mem.)). Mr. Smith's complaints about the ethics and behavior of the trial justice are wholly without merit; the trial justice exhibited a great deal of patience towards a self-represented litigant who was disruptive and disrespectful throughout the proceedings. Accordingly, we address only two discrete claims: (1) whether the amount of attorneys' fees imposed as Rule 11 sanctions is unreasonable, and (2) whether the trial justice lacked authority to set aside the conveyance of the property and order its sale.

This Court "will not disturb findings of fact made by a trial justice or magistrate in a divorce action unless he or she has misconceived the relevant evidence or was otherwise clearly wrong." *Vieira v. Hussein-Vieira*, 150 A.3d 611, 615 (R.I. 2016) (quoting *Palin v. Palin*, 41 A.3d 248, 253 (R.I. 2012)). "Consequently, unless it is shown that the trial justice either improperly exercised his or her discretion or that there was an abuse thereof, this Court will not disturb the trial justice's findings." *Id.* (quoting *Palin*, 41 A.3d at 253). "Questions of law in an appeal from the Family Court, however, are reviewed *de novo*." *Id.* at 615-16 (quoting *Palin*, 41 A.3d at 253).

With respect to the award of $30,308.75 in attorneys' fees to Ms. Smith, the record reveals evidentiary support for this amount. After considering invoices submitted into evidence, as well as testimony from Ms. Smith's expert witness, the

trial justice found the number of hours worked and hourly rate charged to be reasonable. The award reflects the cost of protracted litigation fueled by Mr. Smith's "numerous frivolous motions that forced the plaintiff to incur additional legal fees[.]" *Smith*, 207 A.3d at 451. Moreover, it is clear from the transcript of the hearing that Mr. Smith neither produced his own expert nor elicited testimony on cross-examination to suggest the unreasonableness of the number of hours worked or rate charged.[1] Thus, there is nothing in the record to indicate that the trial justice's findings were "clearly wrong." *Vieira*, 150 A.3d at 615 (quoting *Palin*, 41 A.3d at 253).

We next address Mr. Smith's claim that the trial justice lacked authority to set aside the conveyance and order the sale of the property. The defendant cites to *Britt v. Britt*, 119 R.I. 791, 383 A.2d 592 (1978), in support of his own argument that "absent specific statutory authority, [the Family Court] has no power to vest in one party the title to property of the other[.]" *Britt*, 119 R.I. at 795, 383 A.2d at 594. However, Mr. Smith's reliance on *Britt* is misplaced; as this Court recognized in

---

[1] These consolidated appeals are Mr. Smith's seventh and eighth appeals from the Family Court in this matter. The record of proceedings at issue demonstrates that defendant's behavior on remand after the issuance of our opinion in *Smith v. Smith*, 207 A.3d 447 (R.I. 2019), echoed the behavior that resulted in sanctions—"act[ing] in bad faith with the purpose and intent to harass the plaintiff[.]" *Smith*, 207 A.3d at 451. We admonish Mr. Smith that continued meritless motions and appeals will further protract litigation, resulting in the accrual of additional attorneys' fees and, potentially, further sanctions.

*Brierly v. Brierly*, 431 A.2d 410 (R.I. 1981), subsequent legislative enactments have "specifically grant[ed] the Family Court the authority to make assignments of property in divorce proceedings." *Brierly*, 431 A.2d at 415-16 (citing G.L. 1956 §§ 15-5-16.1 through 15-5-16.4, as enacted by P.L. 1979, ch. 279, § 2). In the instant case, the trial justice found that the property at issue is a marital asset. *See Smith*, 207 A.3d at 449. She further found that Mr. Smith's conveyance of the property to Ms. McCabe was fraudulent. The trial justice clearly had the authority to set aside the fraudulent conveyance and to order the sale of the property pursuant to § 15-5-16.1.

For the reasons set forth in this order, we affirm the orders of the Family Court. We remand the record to the Family Court.

Entered as an Order of this Court this 16 day of June, 2021.

By Order,

/s/ Debra A. Saunders, Clerk
_____
Clerk

- 7 -



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

**ORDER COVER SHEET**

| Title of Case | Terry Ann Smith v. Andrew Smith. | |
|---|---|---|
| Case Number | No. 2020-3-Appeal.<br>No. 2020-65-Appeal.<br>(P 14-2875) | |
| Date Order Filed | June 16, 2021 | |
| Justices | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| Source of Appeal | Providence County Family Court | |
| Judicial Officer from Lower Court | Associate Justice Patricia K. Asquith | |
| Attorney(s) on Appeal | For Plaintiff:<br><br>Jesse Nason, Esq. | |
| | For Defendant:<br><br>Andrew Smith, Pro Se | |