**Supreme Court**
No. 2021-42-Appeal.

Terry Ann Smith          :

v.                 :

Andrew Smith.         :

**O R D E R**

This case came before the Supreme Court on February 2, 2022, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this appeal may be decided without further briefing or argument. For the reasons set forth in this order, we affirm the order of the Family Court.

The defendant, Andrew Smith, appeals *pro se* from a December 3, 2020 Family Court order (1) directing that XYZAS7, LLC be added as an indispensable party to this matter; (2) determining that defendant attempted to circumnavigate prior orders of the Family Court by transferring property located at 1703 Pontiac

Avenue in Cranston, Rhode Island (the property), to himself for a nominal amount; and (3) directing that the transfer of the property be set aside.[1]

This is defendant's ninth appeal from the divorce proceedings in the Family Court in this matter. The factual background and procedural history of the divorce and property dispute that gave rise to the instant appeal have already been set forth in this Court's previous decisions. *Smith v. Smith*, 207 A.3d 447 (R.I. 2019) (*Smith I*); *Smith v. Smith*, 252 A.3d 246 (R.I. 2021) (mem.) (*Smith II*).

After reviewing the record, we conclude that, before the Family Court, defendant failed to object to the joinder of XYZAS7, LLC as an indispensable party, and that he in fact agreed to it. Accordingly, this issue is waived, and we will not consider it on appeal. *See In re J.T.*, 252 A.3d 1276, 1282 (R.I. 2021) (explaining that, "in accordance with this Court's longstanding 'raise-or-waive' rule, if an issue was not properly asserted, and thereby preserved, in the lower tribunals, this Court will not consider the issue on appeal") (quoting *Selby v. Baird*, 240 A.3d 243, 246 n.9 (R.I. 2020)).

---

[1] In his submissions and argument before this Court, defendant attempts to assert additional claims of error. However, the only matter properly before this Court is defendant's appeal of the directives of the December 3, 2020 order of the Family Court. Any other assignments of error advanced by defendant are unrelated to the instant appeal, have already been decided by this Court, and/or fail to state a claim upon which relief can be granted.

As to the remaining issues advanced by defendant on appeal, we conclude that they have already been decided in his previous appeals to this Court. This Court has already affirmed the Family Court's finding that the property in question is marital in nature. *Smith II*, 252 A.3d at 249. We have also recognized the Family Court's authority to set aside the fraudulent conveyance of the property when defendant attempted to convey the property to his friend for the consideration of one cent. *Id.* at 247, 249 (holding that the defendant's reliance on *Britt v. Britt*, 119 R.I. 791, 383 A.2d 592 (1978), "is misplaced; * * * [']the Family Court [has] the authority to make assignments of property in divorce proceedings[,]'" including setting aside the fraudulent conveyance of property) (quoting *Brierly v. Brierly*, 431 A.2d 410, 415-16 (R.I. 1981)).

Here, the trial justice found that XYZAS7, LLC is not a bona fide purchaser for value, the purported consideration being one dollar and the defendant being the sole owner of the limited liability company. Again, we will not disturb that finding on appeal. *See Boschetto v. Boschetto*, 224 A.3d 824, 828 (R.I. 2020) ("This Court 'will not disturb findings of fact made by a trial justice * * * in a divorce action unless he or she has misconceived the relevant evidence or was otherwise clearly wrong.'") (quoting *Vieira v. Hussein-Vieira*, 150 A.3d 611, 615 (R.I. 2016)).[2]

---

[2] We pause to recognize that the trial justice displayed exceptional judicial temperament when faced with a litigant who is extraordinarily defiant in the face of court orders.

For the reasons set forth herein, we affirm the order of the Family Court. The papers may be returned to the Family Court with instructions that the directives of the December 3, 2020 order relative to the sale of the property be implemented forthwith. Should any other appeals to this Court be filed prior to the sale and distribution of the sale proceeds, then this Court may, upon motion, consider lifting the automatic stay implemented pursuant to Rule 62 of the Family Court Rules of Domestic Relations Procedure. *See McDonough v. McDonough*, 962 A.2d 47, 54-55 (R.I. 2009) (noting that "there are various exceptions to [the] general rule" that Family Court proceedings are stayed pending the outcome of an appeal).

Entered as an Order of this Court this 16th day of February, 2022.

By Order,

/s/ Debra A. Saunders, Clerk
_____
Clerk



## STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Terry Ann Smith v. Andrew Smith. | |
| **Case Number** | No. 2021-42-Appeal.<br>(P 14-2875) | |
| **Date Order Filed** | February 16, 2022 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Family Court | |
| **Judicial Officer from Lower Court** | Associate Justice Patricia K. Asquith | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Jesse Nason, Esq. | |
| | For Defendant:<br><br>Andrew Smith, *Pro Se* | |