**Supreme Court**
No. 2024-12-Appeal.

Terry Ann Smith         :

v.            :

Andrew Smith.        :

**O R D E R**

This case came before the Supreme Court on November 7, 2024, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this appeal may be decided without further briefing or argument. For the reasons set forth herein, we affirm the order of the Family Court.

This case is yet another chapter in a prolonged and contentious divorce dispute between defendant Andrew Smith (defendant or Andrew) and his former spouse, plaintiff Terry Ann Smith (plaintiff or Terry Ann).[1] The procedural history and factual background of this case have been addressed in our previous decisions; we

---

[1] We refer to the parties by their first names to avoid confusion; we intend no disrespect.

therefore recite only the facts relevant to the instant appeal. *Smith v. Smith*, 252 A.3d 246, 247 (R.I. 2021) (mem.) (*Smith II*); *see also Smith v. Smith*, 207 A.3d 447, 448-49 (R.I. 2019) (*Smith I*); *Smith v. Smith*, 268 A.3d 563, 563 (R.I. 2022) (mem.) (*Smith III*); *Smith v. Smith*, 293 A.3d 305, 305 (R.I. 2023) (mem.) (*Smith IV*).

"On December 18, 2017, three years after the initial complaint was filed and after testimony spanning five months, the trial justice granted both parties an absolute divorce and issued a ninety-five-page written decision." *Smith I*, 207 A.3d at 449. In her decision, "[t]he trial justice made 113 findings of fact as to the procedural history of the case." *Id.* Thereafter, plaintiff sought sanctions pursuant to Rule 11 of the Family Court Rules of Domestic Relations Procedure against defendant, and the trial justice concluded that given "defendant's vexatious filing of baseless motions for the sole purpose and intent to harass the plaintiff and dissipate the marital assets, defendant had violated Rule 11, and, thus, ordered [defendant] to pay plaintiff's attorney's fees." *Id.* (internal quotation marks and brackets omitted). In further consideration of the distribution of marital assets, "the trial justice made ninety-seven additional findings of fact," and concluded that defendant willfully depleted marital assets and interfered with "plaintiff's efforts to preserve the value of the marital assets * * *." *See id.* The trial justice therefore equitably awarded plaintiff a greater share of the marital assets than she awarded to defendant. *See id.*

After several appeals from orders of the Family Court, defendant once again,

"appeal[ed] *pro se* from a Family Court order denying his motion to reopen his divorce action on the issue of Terry Ann's [state] pension." *Smith IV*, 293 A.3d at 305. In *Smith IV*, "we affirmed the trial justice's equitable distribution of the parties' marital assets in *Smith I*, as well as in *Smith II*." *Id.* at 306; *see also Smith I*, 207 A.3d at 450-51; *Smith II*, 252 A.3d at 247-49. We further noted in *Smith IV* that, although Terry Ann's state pension was "identified as a marital asset," it was "not distributed in either the Family Court's decision pending entry of final judgment or final judgment." *Smith IV*, 293 A.3d at 306. Accordingly, this Court remanded the case to the Family Court "for the limited purpose of distributing Terry Ann's [state] pension." *Id.* We emphasize yet again that our remand in *Smith IV* in no way "alter[ed] or otherwise affect[ed] this Court's affirmation of the trial justice's equitable distribution of the remainder of the marital estate." *Id.*

In the instant appeal, defendant asserts that the trial justice erred in awarding plaintiff one hundred percent of her state pension, arguing that the Family Court had improperly awarded the state pension to plaintiff since defendant had already begun collecting the pension proceeds in a joint bank account with plaintiff as of September 28, 2008, until plaintiff redirected the pension funds to her individual bank account.[2]

---

[2] The order granting her state pension to plaintiff was labeled "judgment," but it is actually a post-judgment order, as final judgment was entered in 2019. This Court had "direct[ed] the Family Court to enter the order relative to the pension distribution

We disagree.

Pursuant to our remand in *Smith IV*, on November 15, 2023, the parties appeared before a justice of the Family Court to address the issue of equitable distribution of plaintiff's state pension. In addition to considering the parties' arguments, the trial justice also incorporated her previous findings of fact when she determined that plaintiff was entitled to one hundred percent of her state pension.

"It is well established that 'the equitable distribution of marital assets is left to the sound discretion of the Family Court justice who is obligated to consider the factors prescribed by the Legislature in G.L. 1956 § 15-5-16.1.'" *Smith I*, 207 A.3d at 450 (brackets omitted) (quoting *Andreozzi v. Andreozzi*, 813 A.2d 78, 81 (R.I. 2003)). Equitable distribution does not equate to equal distribution. In her decision to award plaintiff one hundred percent of the state pension, the trial justice appropriately considered several factors, including (1) the length of the marriage; (2) the conduct of the parties during the marriage; and (3) each party's contributions toward the acquisition, preservation, and appreciation of marital assets. *See id.*; *see also* § 15-5-16.1.

It is manifestly apparent that defendant's conduct over the course of a decade—since the inception of these divorce proceedings—was a significant factor

---

*nunc pro tunc* to the date of the decision pending entry of final judgment." *Smith v. Smith*, 293 A.3d 305, 307 (R.I. 2023) (mem.) (*Smith IV*).

that the trial justice considered in determining the equitable distribution of the state pension. At the November 15, 2023 hearing, the trial justice recounted defendant's continual efforts to deceive the court, his refusal to comply with discovery requests, his willful and intentional devaluation of marital assets to prevent plaintiff from receiving "a penny"; and she noted that defendant was rarely forthright with the court regarding his own finances. *See Smith II*, 252 A.3d at 247 (noting that Smith had "deliberately sought to deceive the court, refused to comply with discovery requests, and engaged in vexatious litigation practices by filing a multitude of frivolous motions and appealing nearly every decision by the general magistrate") (quoting *Smith I*, 207 A.3d at 448, 451).

Based on the trial justice's comprehensive findings and the generous property distributions that the court awarded to defendant, despite his "egregious behavior," we find no error in the trial justice's determination that plaintiff was entitled to one hundred percent of the state pension. Thus, defendant's argument that he is entitled to fifty percent of that state pension, an equal distribution, is wholly without merit. *See Smith II*, 252 A.3d at 248 ("This Court 'will not disturb findings of fact made by a trial justice or magistrate in a divorce action unless he or she has misconceived the relevant evidence or was otherwise clearly wrong.'") (quoting *Vieira v. Hussein-Vieira*, 150 A.3d 611, 615 (R.I. 2016)).

For the reasons stated herein, we affirm the order of the Family Court

awarding the plaintiff one hundred percent of her state pension.  This divorce proceeding has concluded.  The papers may be returned to the Family Court.

Entered as an Order of this Court this 23rd day of January, 2025.

By Order,

/s/ Meredith A. Benoit, Clerk
_____

Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Terry Ann Smith v. Andrew Smith. | |
| **Case Number** | No. 2024-12-Appeal.<br>(P 14-2875) | |
| **Date Order Filed** | January 23, 2025 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Family Court | |
| **Judicial Officer from Lower Court** | Associate Justice Patricia K. Asquith | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Jesse Nason, Esq. | |
| | For Defendant:<br><br>Andrew Smith, *Pro Se* | |